**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HARRY JHON GUTIERREZ PIEDRA,**

**Petitioner,**

**v.** **Case No: 6:26-cv-2127-PGB-NWH**

**JOHN DOE, GARRETT RIPA, DAVID VENTURELLA, MARKWAYNE MULLIN and TODD BLANCHE,**

**Respondents.**
______________________________/

# ORDER

This cause comes before the Court on the following filings:

1. Petitioner Harry Jhon Gutierrez Piedra's ("**Petitioner**") Amended Petition for Writ of Habeas Corpus (Doc. 4 (the "**Amended Petition**"));

2. The Court's Order to Show Cause (Doc. 5 (the "**First Order to Show Cause**"));

3. Petitioner's Response to the First Order to Show Cause (Doc. 8 (the "**Response**"));

4. The Court's Order to Show Cause (Doc. 9 (the "**Second Order to Show Cause**")); and

5. Respondents John Doe,[1] Garrett Ripa, David Venturella, Markwayne Mullin, and Todd Blanche's ("**Respondents**") Reply to the Order to Show Cause (Doc. 11 (the "**Reply**")).

Upon consideration, the Amended Petition is due to be dismissed, and the embedded preservation order is due to be denied as moot.

## I. BACKGROUND

On September 28, 2026, Petitioner filed the Amended Petition against Respondents for habeas relief arising from his re-detention by United States Immigration and Customs Enforcement ("**ICE**"). (Doc. 4, ¶ 2). Since Petitioner's re-detention, he has been transferred to Florida Baker Correctional Institute in Sanderson, Florida. (*Id.* ¶ 3).

Petitioner, a citizen of Ecuador, entered the United States through El Paso, Texas on or about April 29, 2021. (*Id.* ¶¶ 7, 20). In 2023, "immigration officials detained Petitioner . . . in Batavia, New York." (*Id.* ¶ 22). Petitioner was subsequently released and lived in the community for over three years, "subject to immigration supervision." (*Id.* ¶¶ 22–23). Petitioner has been diagnosed with schizophrenia and had allegedly suffered a mental health crisis resulting in hospitalization from, on or about, August 28, 2026, through September 3, 2026. (*Id.* ¶¶ 24, 26). On September 10, 2026, Petitioner's immigration counsel logged into a remote individual hearing with an immigration judge and requested

[1] In the Amended Petition, Respondent John Doe has been identified as "Warden, Florida Baker Correctional Institute." (Doc. 4, ¶ 8).

"competency safeguards . . ." for Petitioner. (*Id.* ¶ 27). Counsel informed the immigration judge that Petitioner was attempting to log into the remote hearing, but was not admitted. (*Id.* ¶ 28). During that meeting, the immigration judge entered an *in absentia* removal order. (*Id.*).

Accordingly, on September 10, 2026, the immigration judge entered an order directing Petitioner's removal to Ecuador. (*Id.* ¶ 29). On September 16, 2026, Petitioner was arrested by the Orange County Sheriff's Office "on one misdemeanor charge of assault . . . ." (*Id.* ¶ 32). After the probable cause hearing, bond was set and was satisfied by Petitioner. (*Id.* ¶¶ 33–35). However, Petitioner was not released but "remained confined on the immigration detainer and entered ICE custody." (*Id.* ¶ 35).

Consequently, Petitioner initiated this action seeking habeas relief. (*See generally* Doc. 1). On September 28, 2026, Petitioner filed the Amended Petition. (Doc. 4). On October 1, 2026, the Court entered the First Order to Show Cause as to Petitioner. (Doc. 6). On October 6, 2026, Petitioner filed the Response to the First Order to Show Cause. (Doc. 8). On October 9, 2026, the Court entered the Second Order to Show Cause, which ordered Respondents to file a Reply addressing the statutory basis for Petitioner's detention. (Doc. 9). Finally, on October 19, 2026, Respondents filed their Reply. (Doc. 11).

In the Amended Petition, Petitioner alleges two counts: (1) "detention under 8 U.S.C. § 1226(a) without an individualized custody redetermination" and (2) "revocation of conditional liberty without a notice or meaningful hearing." (Doc. 4,

¶¶ 39–59). Further, Petitioner embeds a temporary preservation order, which asks this Court to temporarily prohibit Respondents from transferring Petitioner outside of the Court's jurisdiction. (*Id.* ¶ 60).

## II. DISCUSSION

### A. Governing Detention Authority and Duration of Detention

Section 1226 generally governs detention pending a decision on whether a noncitizen present in the United States is to be removed. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018) ("Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'") (citing 8 U.S.C. § 1226(a)). Conversely, Section 1231 governs detention following an administratively filed removal order. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that §1231, not §1226, governs the detention of aliens subject to reinstated orders of removal, meaning those aliens are not entitled to a bond hearing while they pursue withholding of removal."). Under Section 1231, the Government must accomplish removal within a 90-day removal period, and, during the removal period, the alien "shall" be detained. 8 U.S.C. § 1231(a)(1)(A)-(a)(2).

Further, an order entered *in absentia* becomes final immediately upon entry. 8 C.F.R. § 1241.1(e) (stating "an order of removal . . . shall become final. . . [i]f an immigration judge orders an alien removed in the alien's absence. . . ."). Such an order is not directly appealable to the Board of Immigration Appeals (the

"**BIA**"). *Id.* § 1240.15. ("[A]n appeal shall lie from a decision of an immigration judge to the [BIA], except that no appeal shall lie from an order of removal entered in absentia.").[2]

The Court will first consider the statutory basis for Petitioner's detention. Petitioner alleges that he is being held under § 1226(a). (Doc. 4, ¶¶ 39–48). The Government, on the other hand, states that Petitioner is being held subject to § 1231(a)(2). (Doc. 11, pp. 3, 5). Here, there is a final order of removal. (Doc. 4, ¶ 29; Doc. 11, pp. 4–5, 7). Moreover, as of the date of this Order, Petitioner has been in custody for 34 days, which is within the 90-day period allowed under § 1231. *See* 8 U.S.C. § 1231(a)(1)(A)-(a)(2). Given that there is a final order of removal, the Court finds that the statutory basis for Petitioner's removal is under § 1231. Thus, Petitioner is not being held pursuant to § 1226(a). Therefore, Petitioner has not established an entitlement to a custody redetermination hearing under § 1226(a).

**B. Prior Release on Bond**

Count II of the Amended Petition challenges Petitioner's re-detention without notice or a meaningful hearing concerning the revocation of his prior conditional release. (Doc. 4, ¶¶ 49–59). Petitioner alleges that ICE took him into custody even though Petitioner had satisfied the $3,000 bond. (*Id.*). In the Reply, the Government maintains that "there was no revocation of Petitioner's 2023

---

[2] Instead of appealing to the BIA, the noncitizen must seek reopening and rescission before the immigration judge. 8 U.S.C. § 1229a(b)(5)(C). If that motion is denied, then an appeal may be sought with the BIA. *See Escobar-Contreras v. U.S. Att'y Gen.*, No. 25-13804, 2026 WL 607841, at *1 (11th Cir. Mar. 4, 2026).

bond." (Doc. 11, p. 7). Rather, Petitioner was "ordered removed and therefore is subject to detention to effect his removal." (*Id.*).

The Court finds that Petitioner's present detention rests on the final removal order from September 10, 2026. (*See* Doc. 4, ¶ 29). That is, Petitioner's prior release occurred before entry of the final removal order. Petitioner's present detention follows that final removal order during the removal period. Therefore, on this record, Petitioner has not demonstrated that the absence of the requested revocation hearing renders his present detention unconstitutional.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Amended Emergency Petition for Writ of Habeas Corpus (Doc. 4) is **DISMISSED WITHOUT PREJUDICE**; and

2. Petitioner's request for a temporary preservation order embedded in the Amended Petition (Doc. 4) is **DENIED AS MOOT**.

3. The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on October 23, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Parties